IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ELMORE HUDSON, | ) | 8:09CV438 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner Elmore Hudson's ("Hudson") Petition for Writ of Habeas Corpus ("Petition"). (Filing No. 1.) Respondent filed an Answer (filing no. 14), Brief on the merits of the Petition (filing no. 15), and relevant State Court Records (filing no. 10). Hudson did not file any response to Respondent's Answer and Brief. (*See* Docket Sheet.) This matter is therefore deemed fully submitted.

Liberally construing the allegations of Hudson's Petition, he argues that he is entitled to a writ of habeas corpus because he received the ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments when his trial counsel (1) did not move for a mistrial based on improper communication between the bailiff and the jury; and (2) did not move for a mistrial based on prejudicial communication between the judge and the jury (the "Habeas Claim"). (Filing No. 1 at CM/ECF p. 1.)

### I.   BACKGROUND

**A.   Hudson's Conviction and Direct Appeal**

On October 9, 2002, a jury found Hudson guilty of one count of first degree murder, one count of attempted second degree murder, and two counts of use of a deadly weapon to commit a felony. (Filing No. 10-13, Attach. 13, at CM/ECF pp. 67-

69.) Hudson was thereafter sentenced to serve a prison term of life imprisonment on the first degree murder conviction, 30 years' imprisonment on the attempted second degree murder conviction, and 20 years' imprisonment on each of the use of a deadly weapon convictions. (*Id.* at CM/ECF p. 73.) Hudson filed a timely direct appeal arguing, among other things, a portion of his Habeas Claim. The Nebraska Supreme Court affirmed Hudson's convictions and sentences on June 10, 2004. *State v. Hudson*, 680 N.W.2d 603, 609-10 (Neb. 2004) ("*Hudson I*").[1]

### B. Hudson's Post Conviction Motion and Appeal

On November 5, 2004, Hudson filed a verified motion for postconviction relief in the Douglas County, Nebraska District Court ("Post Conviction Motion"). (Filing No. 10-15, Attach. 15, at CM/ECF pp. 13-19.) The Post Conviction Motion set forth, among other things, Hudson's Habeas Claim. (*Id.*) The Douglas County District Court declined to hold an evidentiary hearing and denied relief on all Claims. (*Id.* at CM/ECF p. 24.) Hudson filed a timely appeal of the denial of post conviction relief, arguing that he was entitled to an evidentiary hearing on his Post Conviction Motion. (Filing No. 10-8, Attach. 8, at CM/ECF pp. 1-26.) The Nebraska Supreme Court agreed, and reversed and remanded the matter to the Douglas County District Court on December 9, 2005, with instructions to hold an evidentiary hearing. *State v. Hudson*, 708 N.W.2d 602, 605 (Neb. 2005) ("*Hudson II*").

In accordance with that instruction, the Douglas County District Court held an evidentiary hearing on the Post Conviction Motion and denied relief on Hudson's

---

[1]Respondent included copies of the Nebraska Supreme Court's opinions in this matter in the State Court Records. (Filing No. 10.) For ease of reference, the court will include citations only to the published opinions.

Habeas Claim.[2] (Filing No. 10-14, Attach. 14, at CM/ECF pp. 9-23.) On February 20, 2009, the Nebraska Supreme Court affirmed the Douglas County District Court's denial of post conviction relief in a detailed opinion. *State v. Hudson*, 761 N.W.2d 536, 536 (Neb. 2009) ("*Hudson III*"). Details of the Nebraska Supreme Court's opinion are set forth more fully in the court's analysis below. On December 7, 2009, Hudson timely filed his Petition in this court. (Filing No. 1.)

## II. ANALYSIS

### A. Standard of Review

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the facts and the law. *See* 28 U.S.C. § 2254(d). With regard to the deference owed to factual findings of a state court's decision, a federal court is bound by those findings unless the state court made a "decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Further, section 2254(d)(1) states that a federal court may not grant a writ of habeas corpus unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As explained by the

---

[2]The Douglas County District Court granted Hudson's request for post conviction relief on a separate claim relating to the calculation of his credit for time served. (Filing No. 10-14, Attach. 14, at CM/ECF pp. 21-23.) That claim is not at issue here.

Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), a state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. *Id.* at 399. Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006). This high degree of deference only applies where a claim has been adjudicated on the merits by the state court. *See Brown v. Luebbers*, 371 F.3d 458, 460-61 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court.").

### B.  The *Strickland* Standard

Hudson argues in both parts of his Habeas Claim that he received ineffective assistance of counsel. Claims of ineffective assistance of counsel are reviewed under the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668, 694 (1984). *Strickland* requires that the petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced the petitioner's defense. *Id.* at 687; *see also Bryson v. United States*, 268 F.3d 560 (8th Cir. 2001); *Williamson v. Jones*, 936 F.2d 1000, 1004 (8th Cir. 1991).

The first prong of the *Strickland* test requires the petitioner to demonstrate that his attorney failed to provide reasonably effective assistance. *Strickland*, 466 U.S. at 687-88. In conducting such a review the courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The second prong requires the petitioner to demonstrate "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding

4

would have been different." *Id.* at 694; *see also Hubbeling v. United States*, 288 F.3d 363, 365 (8th Cir. 2002). A court need not address the reasonableness of the attorney's skills and diligence if the movant cannot prove prejudice under the second prong of this test. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (quoting *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988)). Further, as set forth in *Strickland*, counsel's "strategic choices made after thorough investigation are virtually unchallengeable" in a later habeas corpus action. 466 U.S. at 689.

Additionally, the Supreme Court has recently emphasized that the deference due the state courts applies with vigor to decisions involving ineffective assistance of counsel claims. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1418-20 (2009) (reversing the Ninth Circuit Court of Appeals and holding that the decision of the California Court of Appeals, that the defendant was not deprived of effective assistance of counsel when his attorney recommended withdrawing his insanity defense during second phase of trial, was not contrary to or an unreasonable application of clearly established federal law; also concluding, among other things, that there was no reasonable probability that, but for counsel's alleged unprofessional error, the result of the proceeding would have been different).

In *Knowles*, the Justices stressed that under the *Strickland* standard, the state courts have a great deal of "latitude" and that "leeway" presents a "substantially higher threshold" for a federal habeas petitioner to overcome. Thus:

> The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable-a substantially higher threshold." *Schriro*, supra, at 473, 127 S. Ct. 1933. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was

> unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

*Id.* at 1420.

### C. Hudson's Habeas Claim

#### 1. State Court Findings

In its opinion affirming the denial of post conviction relief, the Nebraska Supreme Court specifically addressed and rejected Hudson's Habeas Claim on the merits. *Hudson III*, 761 N.W.2d at 541-43. Hudson argued, as he does here, that his trial counsel was ineffective because he did not move for a mistrial after improper communications occurred between the trial judge, his bailiff, and the jury. (Filing No. 1.) More specifically, Hudson objects to an oral communication between the trial judge and the jury, passed through the trial judge's bailiff, that the jury should deliberate for a period of time equal to the length of the trial. (*Id.*; *see also Hudson III*, 761 N.W.2d at 536-540.) In analyzing the Habeas Claim, the Nebraska Supreme Court applied *Strickland* and determined:

> In this case . . . the communication to the jury was not coercive and would not have pressured the average juror during deliberations. Although the trial court suggested a time limit for jury deliberations, there is nothing in the court's remarks suggesting that the jury could not take all of the time it needed in reaching a verdict. And nothing in the court's communication expressed its views concerning the facts, or the guilt or innocence of Hudson. It is not clear from the record that at the time of the communication, the jurors were unable to agree upon a verdict. And the jury deliberated for an additional 4 to 5 hours after the communication. Taken as a whole, the record shows that although the communication was improper, trial counsel's failure to move for a mistrial was not prejudicial. Hudson has not demonstrated that the

6

> communication was improper to the extent necessary to have warranted the granting of a mistrial.

*Id*. at 543. In summary, the Nebraska Supreme Court found that Hudson failed to show "that he was prejudiced in the defense of his case by trial counsel's failure to move for a mistrial" and they therefore had no need to "address whether his trial counsel's performance was deficient" under *Strickland*. *Id.*

### 2. Deference

As set forth above, the foregoing findings of fact and conclusions of law by the Nebraska Supreme Court are entitled to substantial deference under the statutory standard of review that applies to factual and legal conclusions reached by the state courts. This court has carefully reviewed the record in this matter and finds that the Nebraska Supreme Court decision denying Hudson's Habeas Claim is not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Hudson has not submitted any argument or evidence, let alone clear and convincing evidence, that the Douglas County District Court or the Nebraska Supreme Court was incorrect in any of its factual or legal determinations. 28 U.S.C. § 2254(e)(1). In short, Hudson's Habeas Claim was adjudicated on the merits by the Nebraska Supreme Court and the grant of a writ of habeas corpus is not warranted here because the Nebraska state courts reasonably applied *Strickland* and other Supreme Court holdings in reaching their decision. In light of these findings, Hudson's Petition is dismissed in its entirety.

IT IS THEREFORE ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus (filing no. 1) is dismissed with prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 15th day of September, 2010.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.